## CALEB J. BAKER V. C. PRIEBE ET AL.

FILED JANUARY 24, 1900. No. 9,131.

Contract: BAILMENT: CONDITIONAL SALE. The written instrument, set out in the opinion, construed, and *held* to be a contract of bailment of personal property for hire, and not one of conditional sale or sale of personal property on condition.

ERROR from the district court of Lancaster county. Tried below before HALL, J.  *Reversed.*

The opinion contains a statement of the case.

*Stevens & Cochran,* for plaintiff in error:

The fundamental distinction between a bailment for hire and a conditional sale is that in the former the identical thing delivered, in the same or in an altered form, is to be restored, and the title is not changed; while in a sale there is no obligation to return the specific property, but the party receiving it is at liberty to return another thing of equal value, either in the form of money or otherwise.  The relation of debtor and creditor is established for the value of the property, and the title to the property is changed.  See *Sturm v. Baker,* 150 U. S., 312; *Chickering v. Bastress,* 130 Ill., 206; *Harrison v. Lenz,* 47 Ill. App., 170; *Kaut v. Kessler,* 114 Pa. St., 603; *Andrews v. Richmond,* 34 Hun [N. Y.], 20.

Personal property in the possession of a bailee is not liable to levy of attachment or execution for his debts; and he can not by sale and delivery convey any title to a purchaser.  The principle of *caveat emptor* applies, and the bailor may replevy even from a *bona fide* purchaser. See *Kitchell v. Vanadar,* 12 Am. Dec. [Ind.], 249; *Emerson v. Fisk,* 19 Am. Dec. [Me.], 206; *Russell v. Favier,* 36 Am. Dec. [La.], 662; *Dunlap v. Gleason,* 93 Am. Dec. [Mich.], 231; *Burton v. Curyea,* 89 Am. Dec. [Ill.], 350; *Miller Piano Co. v. Parker,* 35 Am. St. Rep. [Pa.], 873; *McClelland v. Scroggin,* 35 Nebr.; 537.

*Clark & Allen, E. H. Wooley* and *E. J. Murfin, contra.*

References: *Hine v. Roberts,* 48 Conn., 267; *Campbell Printing Press & Mfg. Co. v. Oltrogge,* 13 Daly [N. Y.], 247.

HOLCOMB, J.

The determination of this case hinges upon the proper construction to be given to the following contract:

"Contract for Rent of Goods from C. J. Baker, 307 South 6th Street, St. Joseph, Mo.

"C. Priebe, May 8th, 1895, the undersigned, agree to the following: We hereby rent from C. J. Baker, 307 South 6th street, St. Joseph, the following described property:

| No. | Articles. | Size. | Quality. | Value of each. | Rent per month. | Total rent. |
|---|---|---|---|---|---|---|
| 1 | Wall tent................ | 60x90 | 6½ oz. drill | $230.00 | $90.00 | |
| 3 | Wall tent ................ | 12x14 | 10 oz. duck | 21.00 | | |
| 1 | Family tent.............. | 14x24 | ......... | 30.00 | | |
| 1 | Refreshment............. | 9x19 | ......... | 17.00 | | |
| 1 | Marquette............... | 12 ft. | .......... | 14.00 | | |
| 2 | Single gas lamps (outside).. | ...... | .......... | 4.80 | | |
| 2 | Single gas lamps (inside) .. | ...... | .......... | 2.15 | | |
| 2 | Double gas lamps (inside). | ...... | .......... | 4.30 | 7.75 | |
| 1 doz. | S. H. cots, $6.00, 1 table, $1.75.................. | | ...... | $323.25 7.75 | | |
| | | | | $331.00 | | |

To be used for medicine business; to be used at various towns; to be shipped from St. Joseph, Mo., via St. Joseph and G. I. R. R.; to be returned from ...... via ...... on the .... day of ...... of 189..

"The conditions of this contract are:

"First. That the rent shall begin from the time of delivery from the store of C. J. Baker and continue until the above rented articles are returned and delivered to C. J. Baker again.

"Second. Should the above rented articles be detained longer than the above mentioned period, we agree to pay per for the extra time the goods are so delayed.

"Third. We further agree that the above mentioned goods shall not be packed or shipped when wet or damp,

and to pay all damages arising therefrom; the same to be charged against the undersigned.

"Fifth. We further agree to pay all damages caused by fire, storms, mildew, or other causes, including damages caused by marking, painting or otherwise defacing the above rented property; and to return the above mentioned property to C. J. Baker, in as good condition as when received, except so far as the same shall have suffered from reasonable use.

"Remarks.

"Signed,                                   C. PRIEBE,

"By GEO. W. WEBB, *Agt.*

"For value received, we hereby guarantee the above contract.                                  C. PRIEBE."

The property therein described was in the possession of, and being used by, the person signing the same, and others, in selling a quack nostrum—a "medicine fakir business," as counsel for defendants aptly term it. The property was attached for the debts of the individuals engaged in the business mentioned, and replevied by the plaintiff, who claimed the ownership thereof.

The trial court construed the contract as a conditional sale, and peremptorily instructed the jury accordingly. In our opinion, this view was erroneous. From a careful examination of the terms of the contract, we fail to discover any element in it from which it can be inferred that a sale upon any terms was intended by the parties when entering upon the contract. It has every evidence of a bailment for hire, and nowhere do we find any language which can be construed as an evidence of sale. It is true, as stated by counsel, that the possession of the property is an indicium of ownership; but possession, in this instance, is equally consistent with their special property therein as bailees. It is urged that the rental for the property is so great as to indicate a conditional sale. We do not so regard it. This might be true, if, with other facts or circumstances, a sale could be in-

ferred; but, standing alone, the fact possesses no value for that purpose. If a person secures a profitable bargain in the hiring of personal property, no different application of legal principles is to be made on that account. It may be observed that the nature of the property, if in continuous use, is such as to make its utility short-lived. The contract entered into was no doubt regarded by the bailor as somewhat venturesome, and not free from hazard; and this fact may well have influenced the price per month. The form of the contract is such, in general terms, as would, ordinarily, be used by a person engaged in the business in which plaintiff appears to have been engaged, where the renting or bailment of his property was carried on as a part of the business. If the contract is to be construed as a conditional sale, what are its terms? When is the property to be paid for? What amount is to be paid? And, as between the parties to the transaction, when does the full title pass to the vendee? Under its terms, the bailee may return the property at any time he desires. He is under no obligation to keep it for any specified length of time, and is to pay rental for the time he retains it. He is under obligation to return the identical property mentioned in the contract, this being one of the chief distinguishing features between bailment and a conditional sale. In *McClelland v. Scroggin*, says Judge Post, the other judges concurring: "In every conditional sale or sale upon condition, the vendor can waive the condition and sue for the purchase price; this is one criterion." See 35 Nebr., 545. Applying the criterion given to the case at bar, it can not be said the vendor can sue for the purchase price, because none is given, nor are we able to determine it from anything that appears in the contract.

In *Harrison v. Lenz*, 47 Ill. App., 170, the following language is used: "When the identical article delivered is to be restored in the same or an altered form, the contract is of bailment, and the title to the property is not changed. But when there is no obligation to restore

the specific article, and the receiver is at liberty to return another thing of equal value, or the money value, he becomes a debtor to make a return, and the title to the property is changed." The supreme court of Pennsylvania says: "An agreement by which one places his personal property in the hands of another, without any obligation of sale on the part of the one, or the right of purchase at any time in the other, is not a conditional sale but a bailment." See *Kaut v. Kessler*, 114 Pa. St., 603; also, *Dunlap v. Gleason*, 93 Am. Dec. [Mich.], 231. Nothing is shown by the parol evidence which changes the character of the written instrument; nor are there any circumstances disclosed surrounding the transactions inconsistent with the plain terms of the agreement. We know of no way, by any reasonable construction of the language used or inferences to be drawn therefrom, whereby the agreement can be regarded as a conditional sale of the property mentioned upon any terms whatsoever. It occurrs to us that it is not susceptible of such construction without reading into the contract that which it does not contain and omitting or disregarding much that it does. Entertaining the views as herein expressed, it follows that the judgment of the lower court must be reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED.